WILMER CUTLER PICKERING
  HALE AND DORR LLP
Daniel Crump (CA Bar. No. 287290)
Daniel.Crump@WilmerHale.com
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5377
Facsimile: (213) 443-5400

WILMER CUTLER PICKERING
  HALE AND DORR LLP
Sharon Levin (admitted *pro hac vice*)
Sharon.Levin@WilmerHale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8804
Facsimile: (212) 230-8888

Attorneys for Claimant
CHRISTOPHER JOEY MCFARLAND

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>UP TO $28,174,145.52 IN HUNTINGTON NATIONAL BANK ESCROW ACCOUNT NUMBER '7196, ET AL.,<br><br>        Defendants.<br>_____<br>Christopher Joey McFarland<br><br>        Claimant. | No. 2:19-CV-01327-DSF (PLAx)<br><br>**JOINT STIPULATION AND REQUEST TO ENTER CONSENT JUDGMENT OF FORFEITURE RELATED TO CLAIMS OF CHRISTOPHER JOEY McFARLAND**<br><br>[The [PROPOSED] Consent Judgment Lodged Contemporaneously Herewith Is Not Dispositive of This Action] |

### I. INTRODUCTION

By the signatures of their counsel hereunder, Plaintiff United States of America ("United States" or "the government") and Christopher Joey McFarland (the "Claimant") (collectively the

"Parties"), respectfully request that the Court enter the [Proposed] Consent Judgment of Forfeiture (McFarland) lodged contemporaneously herewith, to carry into effect the terms of this stipulation, which is not dispositive of this action.

## II.  PROCEDURAL HISTORY

This action was commenced on February 22, 2019 against the defendants (a) $28,174,145.52 in Huntington National Bank Escrow Account Number '7196; (b) $1,148,739.35 in Barclays Bank of Delaware Account Number '6111; and (c) $162,486.88 in Fidelity Investments, Inc. Account Number '9340.  The government gave notice of the action as required by the Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Local Rules of this Court.

Claimant Christopher Joey McFarland ("McFarland") filed a timely claim asserting an interest in (a) $14,087,072.76 of the $28,174,145.52 in Huntington National Bank Escrow Account Number '7196; (b) $1,148,739.35 in Barclays Bank of Delaware Account Number '6111; and (c) $162,486.88 in Fidelity Investments, Inc. Account Number '9340 (collectively, the "Defendant Funds").  A claim for the remaining $14,087,072.76 of the funds in Huntington National Bank Escrow Account Number '7196 was timely filed by a separate claimant. No other claims were filed, and the time for filing claims has expired.  Entry of the [Proposed] Consent Judgment (McFarland) will resolve all claims of Claimant with respect to the Defendant Funds, but will not be case-dispositive due to the presence of the other claimant, who is not party to this stipulation, and who is contesting

the forfeiture of the remaining $14,087,072.76 of the funds in Huntington National Bank Escrow Account Number '7196.

### III. JURISDICTION, BACKGROUND, AND TERMS

#### A. Jurisdiction

The Parties agree that this Court has jurisdiction over the Parties for purposes of this Stipulation, and over the subject matter of this action for all purposes. The Parties further agree that the allegations set out in the operative complaint are sufficient to establish a basis for forfeiture of the Defendant Funds. However, nothing contained in this joint stipulation or the [Proposed] Consent Judgment (McFarland) is intended or should be interpreted as an admission of fault, guilt, liability and/or any form of wrongdoing by Claimant.

#### B. Background

Claimant contends the following:

a) In June 2013, Claimant received a loan (the "Loan Funds") from Red Granite Investment Holdings, LLC ("RGIH"), a Delaware entity wholly owned by Riza Shahriz Bin Abdul Aziz ("Aziz"), for Claimant's investment in a facilities management company (the "Facilities Management Company") headquartered in Newport, Kentucky (the "Investment Loan"). The Investment Loan totaled $1,995,000.

b) At the time Claimant received the Investment Loan from RGIH, Claimant had no knowledge that the Loan Funds he was receiving were directly or indirectly traceable to funds

3

diverted from 1Malaysia Development Berhad ("1MDB").[1]

c) From the allegations set forth in the instant action, Claimant learned that the government has alleged that the Loan Funds Claimant used to invest in the Facilities Management Company were derived from funds traceable to funds diverted from 1MDB.  In light of this information, Claimant seeks to relinquish any and all right, title and interest he has in the Defendant Funds so that they may be forfeited by the United States and, if appropriate, returned to the People of Malaysia.

d) The Defendant Funds are comprised of not only the amount of the Investment Loan, $1,995,000, but also the appreciation Claimant realized on his investment in the Facilities Management Company. The appreciation on the Claimant's investment in the Facilities Management Company totals $13,403,298.99.  Claimant relinquishes any and all right, title and interest in the entirety of the Defendant Funds, the value of the Investment Loan ($1,995,000.00) and the appreciation Claimant received on the investment ($13,403,298.99).

**C.   Terms**

Claimant shall forfeit to the United States any right, title or interest in the Defendant Funds, and no other right, title or interest shall exist therein.  The government shall dispose of the

---

[1]   1MDB is a strategic investment and development company wholly-owned by the government of Malaysia.  As alleged in the Complaint in this matter, from approximately 2009 through at least 2014, billions of dollars were misappropriated and diverted from 1MDB to the detriment of Malaysia's economic benefit and its people.

Defendant Funds according to law.  Claimant requests that the forfeited Defendant Funds be returned, if appropriate, to the People of Malaysia.

Claimant shall not contest or assist any other individual or entity in contesting the forfeiture -- administrative, civil judicial or criminal judicial -- of the Defendant Funds.

Claimant releases the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation and Internal Revenue Service, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the Defendant Funds and the commencement of this action, including any claim for attorneys' fees or costs which may be asserted on behalf of Claimant against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise.  Claimant waives any rights he may have to seek remission or mitigation of the forfeiture of the Defendant Funds in this action.

The Parties further stipulate and agree, based on facts Claimant first learned from the instant forfeiture action, there was reasonable cause for the seizure of the Defendant Funds and the institution of this action.  The [Proposed] Consent Judgment (McFarland) shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2456.

The Parties further stipulate and agree that the Court's entry of the [Proposed] Consent Judgment (McFarland) shall constitute final and complete satisfaction of all claims asserted by the government and Claimant as relates to this action with respect to the Defendant Funds.  Each of the Parties shall bear its own fees and costs in

connection with the seizure, retention and forfeiture of the Defendant Funds.

**IV.   OTHER ITEMS**

Claimant has voluntarily advised the government that he received the following items as gifts (the "Subject Properties," as listed below) from some of the individuals identified in the instant Complaint, namely Aziz, Low Taek Jho ("Low"), and "Eric" Tan Kim Loong ("Tan"):

a) One drawing entitled "Self-Portrait" by Jean-Michel Basquiat;
b) One artwork entitled "Bliss Bucket" by Ed Ruscha;
c) Sixteen assorted movie posters purchased from Cinema Archives;
d) One 1931 "M" – German Theatrical Release poster;
e) One 1933 French King Kong – French One Panel poster;
f) One 1956 Forbidden Planet – US Theatrical Release poster;
g) One 1967 Cool Hand Luke poster;
h) One Panerai watch;
i) One vintage/used stainless steel Rolex watch;
j) One Rolex (Style 116509) watch; and
k) One Audemar Piguet watch

(collectively, the "Subject Properties").

Claimant represents that, at the time he received each of the Subject Properties from Aziz, Low, and/or Tan, he was unaware of the fact that each of the Subject Properties

6

may have been purchased with funds diverted from 1MDB. Claimant voluntarily surrenders the Subject Properties to the United States, relinquishes any and all right, title, and interest he may have in the Subject Properties, and agrees and consents to their forfeiture so that they may be returned, if appropriate, to the People of Malaysia. Claimant will not file any claim to the Subject Properties and agrees not to help any other individual or entity file a claim to the Subject Properties.  Claimant further represents that, to the best of his knowledge, each of the Subject Properties was given to him as a gift and no other persons or entities may assert any right or interest in any of the Subject Properties.

| Dated: July 15, 2019 | |
|---|---|
| | /s/ Daniel Crump |
| | SHARON COHEN LEVIN, Pro Hac Vice |
| | DANIEL CRUMP |
| | Wilmer Cutler Pickering Hale and Dorr LLP |
| | |
| | Attorneys for Claimant Christopher Joey McFarland |

7

| Dated: July 15, 2019 | Respectfully submitted, |
|---|---|
| | DEBORAH CONNOR<br>Chief, MLARS<br><br>NICOLA T. HANNA<br>United States Attorney<br><br>   /s/ [by e-mail confirmation]   <br>JOHN J. KUCERA<br>MICHAEL SEW HOY<br>Assistant United States Attorneys<br><br>WOO S. LEE<br>Deputy Chief, MLARS<br>BARBARA LEVY<br>JOSHUA SOHN<br>Trial Attorneys, MLARS<br><br>Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |

**ATTESTATION**

I, Daniel Crump, attest that all other signatures listed, and on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.

/s/ Daniel Crump  
DANIEL CRUMP

8